Hemphill, Ch. J.
The first ground is the only one insisted upon in the argument of counsel; the others, which regard the transaction as a mortgage, having been abandoned. By the first assignment, the plaintiff seeks to avail himself of the lesion existing in the sale. At the date of tins contract, the laws of Spain were in force." Under these, a sale was void not only on the ground of force or fraud, but it might be annulled for lesion; that is, if the amount for which the property was sold was less than half its just price. (1 White Bee., 397.)
Upon the facts, it is clear that this contract was tainted with lesion, the sale being for less than half the just price; and it might on that ground, had the plaintiff not slept on his rights, have been annulled, unless the purchaser had been willing to make good the deficiency. (Ib.) But as this suit was not instituted until more than eleven years subsequent to the execution of the title bond, the defendant insists that he is protected by the principle of limitation applicable to his case.
It is a rule of the law of Spain that a contract vitiated by lesion may be annulled or amended within four years, if the tiling exists without much deterioration. (1 White, 197.) The term of four years was, under this code, the limit to suits for rescission on the ground of lesion. But it may be said that this code, with its laws of prescription, was repealed on the introduction of the common law. This is admitted. But, by the 24th section of the act of limitations, (art. 2396, Dig'.,) it is declared among other matters that all claims against which the laws of prescription in force previous to the adoption of the common law- had commenced to run, shall be barred by the lapse of time which would liave barred them, had those laws continued in force. By this provision, the law of prescription as against rescission for lesion, was revived and continued in force; and the claim of the plaintiff was, consequently, more than twice barred, before the institution of this suit.
The only difficulty in the ease is, that so far as appears from the record, its aspect in this court is different from that presented by it in the District Court. ■ The grounds on which the parties urge the reversal or affirmance of the judgment do not appear to have been before the District Court for its opinion or decision. The petition does not positively allege that there was lesion in the sale; nor does it pray on that ground for a rescission of the contract.; and the answer does not, by demurrer or otherwise, set up the defence of limitation. Had the plaintiff averred lesion, the defendant might possibly have demurred or pleaded prescription. The parties, for the first time in this court, appear to have been apprised of grounds essential to the action and the defence. Under these circumstances, to permit the plaintiff to avail himself of the lesion in the contract, and to deprive the defendant of the benefit of his defence, would incur manifest injustice; and no advantage could arise from remanding the cause, as on an amended state of pleading, the judgment must necessarily be against the plaintiff; and it is therefore ordered that judgment be affirmed.
Judgment affirmed.